UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN DALE BEST,

                Petitioner,

   v.

KARIN ARNOLD,

                Respondent.

Case No. C25-1689-JLR-MLP

ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

      This is a federal habeas action proceeding under 28 U.S.C. § 2254. Petitioner has filed a motion seeking appointment of counsel in this matter. (Dkt. # 9.) Petitioner asserts in his motion that he lacks the resources to retain counsel, and he suggests he will be unable to effectively respond to Respondent's answer to the petition without the benefit of counsel.[1] (*Id*. at 2.) Petitioner also suggests he will need counsel for an evidentiary hearing which he anticipates will be necessary in this matter. (*See id.*) Respondent has filed a response to Petitioner's request for counsel in which she argues that Petitioner has not shown appointment of counsel is currently necessary, and thus, that Petitioner's motion should be denied as without merit or, in the alternative, as premature. (Dkt. # 10.)

---

[1] Respondent's answer to the petition has not been filed as it is not yet due. (*See* dkt. # 7.)

ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

There is no right to have counsel appointed in cases brought under § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. However, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Nothing in the record currently before the Court suggests that an evidentiary hearing will be required in this matter and, thus, Petitioner has no right to appointment of counsel. The question is therefore whether appointment of counsel is otherwise appropriate. Petitioner has not demonstrated that it is. Petitioner's submissions to date, which include his petition (dkt. # 6) and a supplemental brief in support of his petition (dkt. # 4), reveal that Petitioner's claims are not overly complex and that he has amply demonstrated an ability to articulate the legal and factual bases of his claims without the assistance of counsel. Moreover, the contents of Petitioner's submissions undermine any suggestion that he is unable to litigate this federal habeas action without the assistance of counsel. The Court notes, in particular, that Petitioner's supplemental brief contains extensive legal argument on the merits of his claims. (*See* dkt. # 6.) Finally, the Court observes that the record is not yet sufficiently developed for this Court to determine whether Petitioner is likely to succeed on the merits of his claims.

Petitioner thus fails to demonstrate that the interests of justice warrant appointment of counsel. Counsel will be appointed, as required, should the Court later determine that an evidentiary hearing is necessary.

ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL - 2

Accordingly, the Court hereby ORDERS as follows:

(1) Petitioner's motion for appointment of counsel (dkt. # 9) is DENIED.

(2) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable James L. Robart.

DATED this 4th day of November, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge